**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANDREW A. ACCARDO,<br><br>                    Plaintiff,<br><br>v.<br><br>NICOLE DIPASQUALE, *et al.*,<br><br>                    Defendants. | Civil Action No. 25-16768 (JXN)(AME)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Andrew A. Accardo's ("Plaintiff") complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). The Court has reviewed the IFP Application and screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court **GRANTS** the IFP Application and **DISMISSES** the Complaint.

I.    **BACKGROUND**

This action arises from Plaintiff's June 22, 2024 arrest. (*See* Compl. at *2,[1] ECF No. 1.) Plaintiff alleges that Mahwah police officers arrested Plaintiff based on his estranged wife's "uncorroborated and fabricated" allegations of domestic violence. (*Id.*) A state judge issued a temporary restraining order ("TRO"), which he claims caused "catastrophic financial and emotional harm." (*Id.* at *3.) And, while in jail following his arrest, Plaintiff alleges that medical staff refused him access to his blood pressure medication. (*Id.* at *3–4.) At some point later, Plaintiff signed a consent order, "which barred him from returning to his marital home." (*Id.* at *12.)

---

[1] Pincites preceded by an asterisk (*) refer to ECF pagination.

On October 20, 2025, Plaintiff filed a complaint in this Court against: the arresting officer[2] ("Arresting Officer") in her individual and official capacities; the officer who signed Plaintiff's arrest report[3] ("Signing Officer") in his official capacity; the Mahwah police chief[4] ("Police Chief") in his official capacity; the judge who entered the TRO[5] ("Judge Brady") in his individual and official capacities; the Township of Mahwah ("Mahwah"); the Police Department; his wife[6] ("Wife"); his wife's attorney[7] ("Attorney"); and his wife's attorney's law firm[8] ("Firm") (collectively, "Defendants").

The Complaint includes claims for: a Fourth Amendment violation under 42 U.S.C. § 1983 (Count I); a Fourteenth Amendment Procedural Due Process claim (Count II); Fabrication of Evidence and Retaliation under § 1983 (Count III); Supervisory Liability for Failure to Train or Intervene (Count IV); Judicial Misconduct (Count V); Abuse of Process (Count VI); Unlawful Detention and De Facto Kidnapping under § 1983 (Count VII); Deliberate Indifference to Medical Needs under § 1983 (Count VII); Fraud on the Court, Abuse of Process, and Civil Conspiracy (Count VIII[9]); Interference with Parental Association (Count IX); Disability Discrimination (Count X); Property Deprivation and Unlawful Eviction from the Marital Home (Count XI[10]); and Civil RICO (Count XII[11]).

Plaintiff also applied to proceed IFP. (*See* Compl., ECF No. 1; IFP App., ECF No. 1-1.)

---

[2] Nicole DiPasquale.
[3] Lieutenant David Vega.
[4] Timothy O'Hara.
[5] The Hon. Richard J. Brady, J.M.C.
[6] Regina Accardo.
[7] Robert J. Tafuri.
[8] Atkins, Tafuri, Minassian, D'Amato, Beane & Miller, P.A.
[9] Improperly titled as Count VII. (*See* Compl. at 10.)
[10] Not titled as an independent count. (*See* Compl. at 11.)
[11] Improperly titled as Count XI. (*See* Compl. at 14.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III.   DISCUSSION

### A.   The Court Grants the IFP Application

The decision to grant IFP status "turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). A person need not be "absolutely destitute" to proceed IFP. *Id.* Rather, the applicant "must show the inability to pay the filing and docketing fees." *Id.*

Plaintiff has done so here. He attests that he is unemployed and receives $1,500 per month in disability payments but has $1,590 in monthly expenses. (*See* IFP Appl.) That is enough to convince the Court he is unable to pay filing and docketing fees. The Court therefore **grants** the IFP application.

### B.   The Court Dismisses the Complaint

#### i.   *Judge Brady is Immune From Suit*

Judges have absolute immunity from suit for any actions taken in a judicial capacity, including bad faith, malicious, or corrupt conduct. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity does not, however, extend to non-judicial actions or judicial actions taken "in the complete absence of all jurisdiction." *Id.* at 12.

Here, all the complained-of acts were judicial. Whether an action is judicial relates to "nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). As best the Court can tell, Plaintiff seeks to hold Judge Brady liable for entering the TRO, "allow[ing] the case to persist for over eight months," and

participating in "an orchestrated abuse of judicial process." (Compl. at \*2–3.) Entering a TRO and managing a case are quintessentially judicial functions.

Judge Brady, moreover, did not act in a complete absence of jurisdiction. A judge does not act in a complete absence of jurisdiction if the court "has *some* subject matter jurisdiction." *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (emphasis added) (quoting *Barnes v. Winchell,* 105 F.3d 1111, 1122 (6th Cir. 1997)). The difference between having *no* jurisdiction and *some* jurisdiction is critical. For instance, if a judge "invested only with authority over wills and the settlement of estates of deceased persons" held a criminal trial, judicial immunity would not attach to the judge's conduct at the criminal trial. *Bradley v. Fisher*, 80 U.S. 335, 352 (1871). But if a judge "invested with general criminal jurisdiction over offences committed within a certain district" held a trial for a made-up crime, judicial immunity would attach. *Id.* New Jersey law confers Family Part and municipal court judges with jurisdiction to enter domestic violence TROs and *requires* such a TRO "[i]f it appears that the plaintiff is in danger of domestic violence." N.J.S.A. 2C:25-28(f)–(g). Thus, Judge Brady did not enter the TRO or continue proceedings "in a complete absence of jurisdiction." So, to the extent the Complaint seeks to hold Judge Brady liable for his conduct in the TRO proceedings, those claims are **dismissed *with prejudice***.

Plaintiff also seeks declarations that Judge Brady violated his constitutional rights and engaged in judicial misconduct. (*See* Compl. at \*5, \*9–10.) 42 U.S.C. § 1983 permits declaratory relief against state court judges in limited circumstances. *See, e.g.*, *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 198–99 (3d Cir. 2000) (discussing occasions where declaratory relief is available against judges). This is not one of those cases. "Declaratory judgment is inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006). "Nor is declaratory judgment meant simply to proclaim that one party is liable to another." *Id.* The

Complaint seeks to adjudicate Judge Brady's past conduct. After all, the Complaint alleges the TRO is no longer in effect. (*See* Compl. at *12.) Because Plaintiff will never be able to base a claim for declaratory relief on past harm, the declaratory relief Plaintiff seeks against Judge Brady is also **dismissed** *with prejudice*.

### ii.     The Court Lacks Jurisdiction Over Injuries Stemming From the TRO

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). This Court lacks jurisdiction to hear appeals of state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Only the United States Supreme Court may do so. *Id.* Under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). The doctrine applies to cases: (1) brought by plaintiffs who lost in state court; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commenced"; and (4) "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff lost in state court, resulting in a TRO entered against him. (*See* Compl.) He complains of injuries caused by the TRO, including denial of "access to his home," "catastrophic financial and emotional harm," and the deprivation of Plaintiff's constitutional rights. (*Id.* at *3.) The TRO was entered before this case began. (*Id.* at *2–3.) And Plaintiff asks the Court to review and reject the TRO, which he claims relied on a "defective narrative." (*Id.* at *2.) The relief Plaintiff seeks, in other words, "can only be predicated upon a conviction that the state court was wrong." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000) (quoting *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989)).

To be sure, some of Plaintiff's claims are not predicated on the TRO. His Fourth Amendment claim, for instance, appears directed at his arrest, not the TRO. Likewise, the deliberate indifference claim relates to his time in jail, not the TRO. Those injuries are independent of the TRO. The *Rooker-Feldman* doctrine would not bar those claims. But, to the extent Plaintiff's claims allege injuries caused by the TRO, they are **dismissed** *with prejudice*.

### iii.      The Remainder of the Complaint is a Group Pleading

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must therefore "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). At a minimum, a complaint must identify "discrete defendants and the actions taken by these defendants." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted).

A complaint cannot "indiscriminately attribute wrongdoing to a group of defendants, leaving them to guess as to who allegedly did what." *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024) (quoting *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020)). Such a pleading does not place Defendants "on notice of the claims against each of them." *ATR Paper Inc. v. Bangkit (U.S.A.), Inc.*, No. 23-12696, 2024 WL 3518119, at *4 (D.N.J. July 24, 2024) (quoting *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023)). Courts within this Circuit regularly dismiss, as group pleadings, complaints that do not "specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Foulke v. Township of Cherry Hill*, No. 23-2543, 2024 WL 3568841,

7

at *7 (D.N.J. July 29, 2024) (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891 (D.N.J. Aug. 3, 2023)).

But "not every pleading that groups two defendants together constitutes an impermissible group pleading." *Kong*, 2024 WL 1640996, at *5. The question is whether the pleading is "impermissibly vague." *Id.* A pleading is impermissibly vague if it leaves Defendants and the Court to "guess who did what to whom when." *Id.* (quoting *Yu-Chin Chang*, 2020 WL 473649, at *3). A complaint is not impermissibly vague if, "when read in the context of other specific allegations, it is sufficient to put a defendant on notice that the grouped allegation is brought, at least in part, against the specific defendant." *Id.*

This Complaint is a group pleading. Even construed liberally, none of the counts in the Complaint say who did what. It is not clear, for instance, whether the Fourth Amendment, Fourteenth Amendment, unlawful detention, or fabrication of evidence/retaliation claims are against the Arresting Officer, the Signing Officer, the Police Chief, the Police Department, the Township, or some combination thereof. Likewise, there is no indication whether the deliberate indifference to medical needs claim is against Mahwah, the Police Department, or the Police Chief.

"Careful pleading in civil rights cases is not a matter of etiquette or housekeeping; it is necessary to provide defendants with notice of the claims asserted against them and the grounds upon which each claim rests so that they can properly frame an answer." *Foulke*, 2024 WL 3568841, at *12. Civil rights claims against a government entity or employee turn on the capacity in which they are sued, *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and in the case of an individual defendant, their level of personal involvement in the deprivation, *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Here, Plaintiff lumps government entities and individual Defendants together, fails to distinguish between the individual Defendants, and fails

8

to allege what the individual Defendants did under each count, and in which capacity. The Complaint, accordingly, does not comply with Rule 8(a) and must be **dismissed *without prejudice***.

## IV.   CONCLUSION

For the foregoing reasons, the IFP Application (ECF No. 1-1) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED *with prejudice*** in its entirety as to Judge Brady. The Complaint (ECF No. 1) is also **DISMISSED *with prejudice*** to the extent it seeks to recover for injuries caused by the TRO. The remainder of the Complaint (ECF No. 1) is **DISMISSED *without prejudice***. Plaintiff shall have thirty (30) days to file an amended pleading addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED:** 3/27/2026

JULIEN XAVIER NEALS
United States District Judge

9